RUTH SUGNET, Plaintiff, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1, OF THE TOWN OF PELHAM, Defendant.— On the submission of the controversy under sections 546 to 548 of the Civil Practice Act, judgment is directed for defendant, without costs. Plaintiff was in the employ of defendant as a teacher. She resided in the borough of Manhattan. Her hours of employment were the same as those of plaintiff in *Jones* v. *Board of Education* [242

App. Div. 17], decided herewith. She had no account in the Pelham National Bank, and, as far as it is disclosed by the submission, had no bank account. It was her custom to drive from her home in New York city by automobile, and to arrive at the school at or about eight-fifteen A. M. It appears that the Pelham National Bank opened at eight o'clock. It is a little over half a mile from the school. If she had arrived at the bank any morning before the fourth of March, she would have had ample time to deposit or cash her check and reach school at the time required. She did not avail herself of this opportunity either on the 1st, 2d or 3d of March, 1933. The next day, March fourth, the bank was closed on her arrival about nine A. M. Her delay was the cause of loss, and to the extent thereof defendant is relieved of responsibility. What that loss will be does not appear. Lazansky, P. J., Kapper, Hagarty and Carswell, JJ., concur; Scudder, J., dissents and votes for the direction of a judgment for plaintiff, with the following memorandum: In the circumstances the check was presented within a reasonable time. Had the plaintiff here done exactly as was done by Nancy M. Jones [See *Jones* v. *Board of Education*, 242 App. Div. 17], Grace L. Scott [See *Scott* v. *Board of Education*, *ante*, p. 883] and Isabel McBane Fleck [See *Fleck* v. *Board of Education*, *ante*, p. 879] in the cases decided herewith, the ultimate situation would not have been changed.